UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| AARON TATE, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:16-cv-00081 |
| | ) | | REEVES/POPLIN |
| SHAWN PHILLIPS, JEFF COFFEY, | ) | | |
| DERRICK DAUGHERTY, DAVID | ) | | |
| GARRETT, NURSE CARROLL, | ) | | |
| JOHN DOE #1, and JOHN DOE #2, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

Pro se prisoner, Aaron Tate ("Plaintiff") initiated this action when he filed a complaint on February 16, 2016 alleging constitutional violations pursuant to 28 U.S.C. § 1983 [Doc. 1]. On April 24, 2017, all remaining defendants, Jeff Coffey, Derrick Daugherty, and Shawn Phillips (collectively "Defendants") filed a joint motion to dismiss for lack of prosecution based on Plaintiff's failure to update his address with Defendants' counsel or the Court [Doc. 34]. However, on October 6, 2017, over five months after Defendants filed their motion to dismiss, Plaintiff notified the Court, via telephone, that he was released from jail and provided the Court with an updated address.

At the beginning of this lawsuit, Plaintiff was forewarned that if he failed to "promptly notify the Court of any address change[] . . . within fourteen (14) days of any such change" this case will be dismissed for failure to prosecute" [Doc. 3 p. 8]. Based on Plaintiff's obvious failure to comply with the time restraints set forth by this Court, Plaintiff was ordered to show cause within fourteen days as to why this case should not be dismissed for failure to follow the order of

this Court [Doc. 37]. Plaintiff was advised that "failure to comply with the terms of this Order will result in dismissal of his case" [*Id.*].

More than fourteen days have passed and Plaintiff has not filed any response to the Court's order to show cause. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

> The Court considers four factors when considering dismissal under Rule 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. Notably, the Order sent to Plaintiff's address on file was not returned to the Court. Plaintiff's failure to respond to the Court's Order may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the Order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to

prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, either way, the first factor weighs in favor of dismissal.

The second factor also weighs in favor of dismissal. By failing to respond to the Court's show cause order, this case is delayed by the inactions of Plaintiff.

The third factor clearly weighs in favor of dismissal, because the record reflects that the Court warned Plaintiff multiple times that the Court would dismiss this case if he failed to comply with the Court's orders [Doc. 3 p. 8, Doc. 37 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. This Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis* based on a review of his prisoner trust fund account statement [Doc. 3]. The financial data provided indicates that Plaintiff does not have the ability to pay a monetary fine. Nor does the Court believe that a dismissal without prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal with prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**